# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| CESARE GIORDANO FABIETTI, | CASE NO.: |
| Plaintiff, | |
| vs. | |
| TRANS UNION LLC., EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTION INC. | JURY DEMANDED |
| Defendants. _____/ | |

## COMPLAINT FOR DAMAGES

Plaintiff, CESARE GIORDANO FABIETTI, ("Plaintiff"), sues Defendants, TRANS UNION LLC, ("Trans Union"), EQUIFAX INFORMATION SERVICES LLC, ("Equifax"), EXPERIAN INFORMATION SOLUTION INC ("Experian"), and as grounds therefore states:

### Jurisdiction and Venue

1. Mr. Cesare Giordano Fabietti (hereinafter "Plaintiff") brings this action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.§1681 et seq.

2. The jurisdiction of this Court is conferred by U.S.C. §1681(p) and 28 U.S.C. §1367. Venue lies in this district because Miami, Florida is the Plaintiff's domicile.

3. Plaintiff is a "consumer as defined by sections 1681a(c) of the FCRA.

4. Trans Union LLC (hereinafter "Trans Union") is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681 a(f)).

5. Equifax information Services, LLC (hereinafter "Equifax") is a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681 a(f)).

6. Experian Information Solutions, Inc.,(hereinafter "Experian") is a consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681 a(f)).

**Preliminary Statement**

7. This in an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. ("Fair Credit Reporting Act" or "FCRA").

8. Plaintiff's consumer credit report has been consistently and repeatedly in violation of the procedures required by the FCRA. Plaintiff consumer credit report contained information of another person. The inaccurate information on Plaintiff's consumer credit report belongs to his father, Cesare Giovanni Fabietti Sr., ("Fabietti Sr.), the inaccuracies adversely affected Plaintiff's credit score.

9. Plaintiff has consistently provided Trans Union, Equifax and Experian irrefutable proof that the entries belong to Fabietti Sr., who has a different social security number, middle name, and date of birth. Nevertheless, Defendants have failed to follow "reasonable procedures to assure maximum possible accuracy" of its consumer reports as required by 15 U.S.C. § 1681e(b). Defendants also improperly inserted previously deleted information in Plaintiff's credit report and failed to maintain reasonable procedures to prevent reappearance of disputed information in violation of 15 U.S.C. § 1681i(a)(5)(B) and (C).

10. As a result of Defendant's violations, Plaintiff has suffered damages to his credit rating, lost opportunities to enter into consumer credit transactions, was not able to purchase a truck necessary in his line of work, incurred higher interest rates and finance changes, incurred additional cost to monitor his credit report, was required to have a co-signer to consolidate his student loans, suffered for denial of credit, lost time, aggravation, inconvenience, embarrassment and frustration. Furthermore, the identity "mixed up" has put a strain on Plaintiff's relationship with his father and caused stress in the family structure.

**Factual Allegations**

11. In December 2008, Plaintiff made his first dispute to Trans Union. The item disputed was a Chapter 7 Bankruptcy. The investigation report listed the item as 'deleted.' The Bankruptcy belonged to Fabietti Sr. At this time, Trans Union was put on notice that Plaintiff and Fabietti Sr. had the same name but different date of birth and Social Security numbers.

12. Plaintiff assumed the error has been corrected and noted to avoid further errors. Plaintiff provided all necessary documents, picture ID, Social Security number, DOB along with his dispute.

13. In 2013, Plaintiff graduated from college with a Masters in Architecture. In 2013, he sought to lease an apartment, sought employment and credit extensions.

14. While apartment shopping in 2013, Plaintiff became aware of continued issues with his credit. Despite finding housing, Plaintiff was deterred from certain properties because he did not want to explain the credit errors and complete credit applications were required.

15. In 2013, Plaintiff sought to consolidate his own debt and applied for a personal loan with Wells Fargo Bank, N.A ("Wells Fargo").

16. On or about December 12, 2013, Plaintiff ordered the Equifax-3-Bureau Report. At that time Plaintiff became aware that his credit reports continued to have errors, despite the previous notice.

17. On or about December 17, 2013, Plaintiff received a denial letter from Wells Fargo listing the following reasons for the denial: excessive obligations in relation to income; insufficient revolving credit; number of revolving credit accounts with high balances.

18. Following this report, Plaintiff disputed in writing thirty-three (33) items on the credit report issued by Trans Union. All the disputed accounts, belonged to Fabietti Sr.

19. As irrefutable proof, Plaintiff once again attached copies of his birth certificate and his Social Security card, as well as, copies of his father's driver license and social security card.

20. Trans Union issued Plaintiff's investigation results which still continued to show errors, therefore on January 24, 2014, Plaintiff sent yet another correspondence to Trans Union. In this second correspondence, Plaintiff listed the errors on the personal information section.

21. In that report, Trans Union continued to list his father's name, "Cesare G. Fabietti Sr., followed by Plaintiff's last four digits of his Social Security and his father's date of birth.

22. In the same correspondence, Plaintiff disputed thirteen (13) more items.

23. During this period Plaintiff noticed that Equifax and Experian also had errors on his consumer credit reports, specifically the personal information, addresses, and accounts belonging to his father, and disputed the information online.

24. As a result of the inaccuracies in his credit reports, Plaintiff signed up for credit monitoring to proactively monitor inaccurate information. Plaintiff believed the errors would be resolved with this second dispute.

25. In Summer 2015, Plaintiff tried to secure a loan to purchase a vehicle to use for work. Plaintiff applied for an auto loan through financial institutions. All attempts failed, and he was denied credit extensions due to derogatory information.

26. Notwithstanding Plaintiff's disputes, Trans Union, Equifax and Experian continue to publish and disseminate inaccurate information to third parties, person, entities and credit grantors.

27. On or around January of 2015, Plaintiff sought to consolidate his student loans and was denied. Due to the continued errors in Plaintiff's consumer reports he was forced to seek his sister as a co-signor to consolidate his own student loans.

28. Since the Summer of 2015, Plaintiff refrained from applying for credit to avoid embarrassment, stress and waste of time.

29. Plaintiff was able to secure employment, but as his line of business requires background and credit checks, the errors on his credit reports have weighed on his mind in every professional application and employment decision he has made.

30. On or about March 2017, Plaintiff and his sister applied to release her as a co-signor, as she required reduction of her debt to purchase a home. Despite two separate attempts with Wells Fargo Student Loans and an explanation of the credit issues the release was denied.

31. On March 19, 2017, Plaintiff once again requested credit reports from Trans Union, Equifax and Experian. The new reports contained inaccurate information.

32. On March 25, 2017, Plaintiff again disputed online the credit report issued by Trans Union, noting all errors.

33. On March 25, 2017, Plaintiff disputed to Equifax four 'Inquiries' that do not belong to him and personal information which was erroneous.

34. On or about March 25, 2017, Plaintiff disputed the inaccurate information to Experian via telephone as required by its website because the incorrect information "belongs to another person".

35. Plaintiff, on or about October 2017, temporarily relocated for his employment. He applied for an apartment in Richmond, VA, which required a background and credit check. Plaintiff was advised a deposit was required and his credit history was used for the determination.

36. Despite Plaintiff's many efforts spanning years attempting to correct the error, Defendants have nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove inaccurate information, have failed to report on the results of its reinvestigations to all

credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

37. Furthermore, Defendants continuous reporting of Plaintiff's father's information has caused emotional strain within the family and emotional distress to Plaintiff.

38. Due to Defendants' continued inaccurate reporting, Plaintiff has also suffered actual damages, including:

   a. Damages to his credit ratings;
   b. Lost opportunities to enter into consumer credit transactions;
   c. Invasion of Privacy;
   d. Inability to purchase a vehicle for work;
   e. Higher interest rates and finance changes for consolidation of student loans;
   f. Incurring the cost of credit monitoring;
   g. Denial of credit; and
   h. Lost time, aggravation, inconvenience, embarrassment, and frustration.

## Count I – Violation of 15 U.S.C. 1681e(b)

39. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 38 as if fully set forth herein.

40. Defendants, incorporated information in Plaintiff's consumer credit report based on matches between Plaintiff and Fabietti Sr., based solely on their name while ignoring many easily distinguishable identifying criteria and previous notices in violation of 15 U.S.C. § 1681e(b), which requires Defendants to follow reasonable procedures to assure maximum possible accuracy of the information reported on Plaintiff's consumer credit report.

41. Defendants willfully violated 15 U.S.C §1681e(b) in that its actions were in reckless disregard of the requirement of the provisions. Thus, Defendants are liable for punitive damages pursuant to 15 U.S.C 1681n.

42. In the alternative, Defendants negligently violated 15 U.S.C. §1681e(b) which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

43. As a result of Defendants violation of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, loss of opportunity to receive credit,

damage to reputation, stress, worry, frustration, embarrassment and humiliation, all to his actual damage, in an amount to be determined by a Jury.

44. Plaintiff is entitled to punitive damages in an amount to be determined by a Jury.

45. Plaintiff is entitled to actual damages in an amount to be determined by a Jury and statutory damages to be determined but the Court.

46. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681 n(a).

## Count II – Violation of 15 U.S.C. 1681i(a)(5)

47. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 38.

48. Trans Union violated 15 U.S.C § 1681i(a)(5) by reinserting information in Plaintiff's consumer credit report after Trans Union had deleted the inaccurate information without a furnisher of said information certifying that the information was complete and accurate 15 U.S.C §§ 1681i(a)(5)(i). In particular, the personal information of Fabietti, Sr. and other accounts keep reappearing shortly after dispute and deletion;

   a. failing to notify Plaintiff of the reinsertion of Fabietti Sr. information in his credit report within five business days after said reinsertion in violation of 15 U.S.C §§ 1681i(a)(5)(ii) and (ii);
   b. failing to maintain reasonable procedures designed to prevent the reappearance in Plaintiff's credit report of the deleted information after receiving notice of the potential for mixed up, receiving irrefutable proof Plaintiff and Fabietti Sr. are not the same person, and ignoring many easily identifying criteria which differentiated Plaintiff and Fabietti Sr. in violation of 15 U.S.C §§ 1681i(a)(5)(C).
   c. Trans Union willfully violated 15 U.S.C § 1681i(a)(5) in that its actions were in reckless disregard of the requirement of the provisions. Trans Union is liable for punitive damages pursuant to 15 U.S.C §1681n.

49. In the alternative, Trans Union negligently violated 15 U.S.C. § 1681(e)(b) which entitles Plaintiff to recover under 15 U.S.C. § 1681o.

50. As a result of Trans Union's violation of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, loss of opportunity to receive

credit, damage to reputation, stress, worry, frustration, embarrassment and humiliation, all to his actual damage, in an amount to be determined by a Jury.

51.     Plaintiff in entitled to punitive damages in an amount to be determined by a Jury.

52.     Plaintiff is entitled to actual damages in an amount to be determined by a Jury and statutory damages to be determined by the Court.

53.     Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681n(a).

### COUNT III-Violation of 15 U.S.C. § 1681b

54.     Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 38.

55.     Defendants violated 15 U.S.C. §1681b, by providing Plaintiff's consumer credit report and personal information to companies without determining first that these companies had a permissible purpose to obtain Plaintiff's Credit file.

56.     Defendants disseminated Plaintiff's consumer file to companies which had not acquired his permission or complied with the FCRA.

57.     As a result of Defendants violation of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, loss of opportunity to receive credit, damage to reputation, invasion of privacy, stress, worry, frustration, embarrassment and humiliation, all to his actual damage, in an amount to be determined by a Jury.

58.     Plaintiff in entitled to punitive damages in an amount to be determined by a Jury.

59.     Plaintiff is entitled to actual damages in an amount to be determined by a Jury and statutory damages to be determined but the Court.

60.     Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681 n(a).

### COUNT IV-Willful Violation of 15 U.S.C. § 1681n

61.     Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 38.

62.     Defendants willfully failed to comply with the requirements imposed under 15 U.S.C §1681 et seq., including but not limited to: a) failing to follow reasonable procedures to assume maximum possible accuracy of the information in consumer credit reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with reinvestigation requirements in 15 U.S.C. §1681i; (c)

furnishing a consumer report that included Plaintiff's personal credit information without complying with 15 U.S.C §1681b; (d) failing to comply with 15 U.S.C §§ 1681i(a)(5)(i) by reinserting information in Plaintiff's consumer credit report after it had been deleted without a furnisher of said information certifying that the information is complete and accurate 15 U.S.C §§ 1681i(a)(5)(i).

63. As a result of Defendants violation of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, loss of opportunity to receive credit, damage to reputation, invasion of privacy, stress, worry, frustration, embarrassment and humiliation, all to his actual damage, in an amount to be determined by a Jury.

64. Plaintiff in entitled to punitive damage in an amount to be determined by a Jury.

65. Plaintiff is entitled to actual damages in an amount to be determined by a Jury and statutory damages to be determined by the Court.

66. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681 n(a).

## COUNT V-Negligent Violation of 15 U.S.C. § 1681o

67. Plaintiff realleges and incorporates by reference the allegations contained in paragraph 1 through 38.

68. Defendants willfully failed to comply with the requirements imposed under 15 U.S.C §1681 et seq., including but not limited to: a) failing to follow reasonable procedures to assume maximum possible accuracy of the information in consumer reports, as required by 15 U.S.C. §1681e(b); (b) failing to comply with reinvestigation requirements in 15 U.S.C. §1681i; (c) furnishing a consumer credit report that included Plaintiff's personal credit information without complying with 15 U.S.C §1681b; (d) failing to comply with 15 U.S.C §§ 1681i(a)(5)(i) by reinserting information in Plaintiff's report after it had been deleted without a furnisher of said information certifying that the information is complete and accurate 15 U.S.C §§ 1681i(a)(5)(i).

69. As a result of Defendants violation of the FCRA, Plaintiff has suffered, continues to suffer and will suffer future damages, including denial of credit, loss of opportunity to receive credit, damage to reputation, invasion of privacy, stress, worry, frustration, embarrassment and humiliation, all to his actual damage, in an amount to be determined by a Jury.

70. Plaintiff in entitled to punitive damages in an amount to be determined by a Jury.

71. Plaintiff is entitled to actual damages in an amount to be determined by a Jury and statutory damages to be determined by the Court.

72. Plaintiff is entitled to reasonable attorney fees, pursuant to 15 U.S.C. § 1681 n(a).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that Judgment be entered against Defendants Trans Union, LLC., Equifax Information Services, LLC and Experian Information Solutions, Inc, as follows:

(1) Actual damages in the amount to be determined by a jury;

(2) Punitive damages;

(3) Statutory damages;

(4) Attorney fees and costs.

(5) Trial by Jury is requested on all claims for relief.

Dated: <u>January 12, 2018</u>

| Respectfully Submitted, | Respectfully Submitted, |
|---|---|
| **Baxter & Baxter, LLP** | **Amador & Cuellar, PLLC** |
| 8835 SW Canyon Lane, Suite 130 | 1330 SW 22nd Street, Suite 304 |
| Portland, OR 97225 | Miami, FL 33145 |
| Tel. (503) 297-9031 | Tel. (305) 901-3337 |
| Fax. (503) 291-9172 | Fax. (305) 647-0669 |
| Service Email: Justin@baxterlaw.com | Service Email: efiling@aclawoffices.net |
| By: <u>*/s/ Justin M. Baxter*</u> | By: /s/ *Monica Amador* |
| Justin M. Baxter, Esq. | Monica Amador, Esq. |
| Oregon Bar No. 992178 | Florida Bar No. 29994 |
| Attorney for Plaintiff | Abbie B. Cuellar, Esq. |
| Subject to Admission Pro Hac Vice | Florida Bar No. 97756 |
| | Attorney for Plaintiff |